UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIAM PHILLIPS,

                            Plaintiff,
                                                                            5:14-CV-00035
v.                                                                           (LEK/TWD)

THE STATE OF NEW YORK,

                            Defendant.
_____

APPEARANCES:

WILLIAM PHILLIPS
Plaintiff *pro se*
11 Greenbush Street, Apt. 3
Cortland, NY 13045

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

### ORDER AND REPORT-RECOMMENDATION

      The Clerk has sent this *pro se* Complaint together with an application to proceed *in forma pauperis* to the Court for review. (Dkt. Nos. 1 and 2.) Plaintiff William Phillips has commenced this civil rights action against the State of New York pursuant to 42 U.S.C. § 1983.[1] For the reasons that follow, I grant Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) and recommend the *sua sponte* dismissal with prejudice of his Complaint. (Dkt. No. 1.)

**I.    PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS***

      A court may grant *in forma pauperis* status if a party "is unable to pay " the standard fee

---

[1] Although Plaintiff has identified the State of New York as the Defendant in the caption of his Complaint, he has left blank paragraph 3 of the complaint form which provides space to list the defendants in the action. (Dkt. No. 1.)

for commencing an action. 28 U.S.C. § 1915(a)(1). After reviewing Plaintiff's *in forma pauperis* application, I find that Plaintiff meets this standard. Therefore, Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is granted.

## II.     ALLEGATIONS OF THE COMPLAINT

Plaintiff's Complaint contains two allegations. The first is that the District Attorney allowed a case to go to trial knowing that the victim's statement was false. *Id*. at ¶ 4. The second is that he was falsely accused and knowingly charged on a false statement of the victim who left the state and refused to testify. *Id*. at ¶ 5  Plaintiff seeks damages in the amount of $50,000,000. *Id.* at ¶ 6.

## III.    LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

Even when a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C. § 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted). Although extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse

party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See, e.g., Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir.), *cert. denied,* 513 U.S. 836 (1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). A *pro se* complaint should not be dismissed "without

giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

IV. ANALYSIS

This is not Plaintiff's first lawsuit against New York State arising out of the Cortland County District Attorney's alleged pursuit of a case against Plaintiff based upon a statement by the victim that was known by the District Attorney to be false. In *William Phillips v. New York State*, No. 5:13-CV-927 (DNH/TWD) ("Phillips No. 1"), Plaintiff sued New York State and the Cortland County District Attorney for (1) knowingly using false statements in a court of law; (2) mental cruelty; (3) verbal abuse; and (4) engaging in improper actions as officers of the court. (Phillips No. 1, Dkt. No. 1 at ¶ 4.)

In my Order and Report-Recommendation in Phillips No. 1, I recommended that Plaintiff's Complaint be dismissed against New York State, without leave to amend, on the grounds that (1) the State had sovereign immunity under the Eleventh Amendment to the United States Constitution; and (2) Plaintiff failed to state a claim under § 1983 in any event. (Phillips No. 1, Dkt. No. 3). The Report-Recommendation was accepted and adopted in all respects, and the Plaintiff's Complaint was dismissed without leave to amend in the October 17, 2013, Decision and Order of the Hon. David N. Hurd, D.J. (Phillips No. 1, Dkt. No. 5.) Judgment dismissing Plaintiff's Complaint in Phillips No. 1 was entered by the Clerk on October 17, 2013. (Phillips No. 1, Dkt. No. 6.)

Under the doctrine of *res judicata*, or claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Monahan v. New York City Dept. of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). *Res judicata* applies where "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Id*. at 285.

The doctrine of *res judicata* applies to *pro se* litigants whose complaints are dismissed without leave to amend under 28 U.S.C. 1915(e)(2)(B)(ii)).[2] *See Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) ("[D]ismissal for failure to state a claim [under § 1915(e)(2)(B)(ii)] is a final judgment on the merits and thus has *res judicata* effects."); *Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205-06 (2d Cir. 2002) (per curiam) (affirming district court's *res judicata* dismissal of an *in forma pauperis* action where dismissal of previous action based on the same facts for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) constituted a final adjudication on the merits).

The claim asserted by Plaintiff in this action, that the District Attorney allowed a case to go to trial knowing that the victim's statement was false, is for all intents and purposes indistinguishable from his claim in Phillips No. 1 that the District Attorney knowingly used false statements in a court of law. It is, therefore, precluded under the doctrine of *res judicata*, and I recommend that Plaintiff's Complaint be dismissed without leave to amend on that ground under

---

[2] The Second Circuit has regularly upheld the authority of district courts to dismiss *sua sponte* a *pro se* complaint on *res judicata* grounds. *See, e.g., Salahuddin v. Jones*, 992 F.2d 447 (2d Cir. 1993).

28 U.S.C. § 1915(e)(2)(B)(ii).

ACCORDINGLY, it is hereby

ORDERED that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is GRANTED; and it is further

RECOMMENDED that Plaintiff's Complaint (Dkt. No. 1) be dismissed without leave to amend.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: January 14, 2014
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge